UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN LEE SELDEN,

    Petitioner,

v.                                            CASE NO. 8:14-cv-2537-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

Selden presents a paper entitled "Demand of Immediate Release" and "Not a Habeas Corpus." (Doc. 1)  Selden, an inmate of the Florida Department of Corrections ("DOC"), serves a fifteen-year sentence for armed burglary and several concurrent five-year sentences for theft.  According to the DOC website, Selden's projected release date is March, 2021.

Selden's paper presents a series of disconnected legal assertions.  The only conclusion discernible from the paper is that Selden believes he is illegally imprisoned.  Selden is imprisoned by a state court judgment.  Selden's application "is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032 (2004).  Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it

plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

The application is not written on the court-required form and the paper submitted by Selden fails to include much of the information necessary for a proper preliminary review. Nevertheless, a review of this court's docket reveals that Selden previously challenged this same conviction in 8:10-cv-2259-T-33EAJ, which challenge was denied on the merits. (Doc. 40 in 10-cv-2259) Selden is precluded from pursuing a second or successive application without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). This court lacks jurisdiction to review Selden's application until the circuit court authorizes his filing a second or successive application. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, Selden's paper (Doc. 1), construed as an application for the writ of habeas corpus under 28 U.S.C. § 2254, is **DISMISSED** without prejudice as second or successive without the required authorization. The clerk must close this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Selden is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Selden must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly a second or successive application, Selden is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Selden must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 8, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE